Okay, we continue down the road of the First Step Act with our next case, and that's number 19-14421, United States v. Shawntavis Green. Ms. Daines, we'll start with you. Thank you and good morning. May it please the Court, my name is Laura Daines. I'm appearing on behalf of Appellant Shawntavis Green. Given the government's concession that Mr. Green is serving a sentence for a covered offense, I'd like to focus my time on why there is harmful error in this case. The District Court committed a legal error in denying Mr. Green's Section 404 motion, because even though it assumed Mr. Green was eligible for relief, in making that assumption, it did not show that it understood what eligibility meant or the consequences of eligibility. Understanding the consequences of eligibility means understanding all the ways that the defendant's sentence would change if sentenced under the Fair Sentencing Act. For Mr. Green, those consequences are a reduction in his mandatory minimum sentence from 10 years to 5 years, a reduction in his guidelines range from a low-end sentence of 120 months to a low-end sentence of 70 months, a difference of more than 4 years that he over-served before the First Step Act was passed. Mr. Green's mandatory minimum term of supervised relief would be reduced from 5 years to 4 years, and he would have faced a maximum of 36 months of imprisonment on revocation, instead of the at least 46 months, which is what he received. Those are considerations of the Seventh Circuit. When the Court of Appeal thinks I'm wrong, let me go ahead and rule on the merits of the complaint. So, there's nothing inherently wrong with doing that. We allow judges to make evidentiary rulings in the alternative. We allow them to make merits rulings in the alternative. Why shouldn't we allow that to happen in this sort of scenario? Yeah, and I think, of course, that happens regularly, but the district court has to understand what the scope of its discretion means before it can exercise that discretion. And this court has previously held that a discretionary decision that's influenced or based off of a legal error is still an abuse of discretion, even if it's an alternative ruling. And I think the Seventh Circuit does a very good job of explaining this in the United States. Can I ask you a quick question? This is Judge Nelson. So, I take your point there where you said, you know, this court has said that a discretionary decision based on sort of a logically antecedent error is tainted. But here, like, there's not the same risk of taint, right, where the court at step one just says, I'm passing over it, and I'm going to step two. There's no error at step one. It's just like an inkblot at step one. Nothing happened at step one, and so we're talking about step two. So it just seems to me that the two are different. You can imagine if there was an error at step one that we might think, well, that error might have sort of bled over into step two, but here there's nothing to bleed over, right? He just kind of skipped it. Well, I think that, sure. You know, in qualified immunity, we, you know, the Supreme Court, frankly, has encouraged lower courts to skip over the merits determination to do the clearly established form. So how's this different from that? I think there is, because here the question was sort of the field of what is considered in reducing a sentence. So here the district court at least never showed that it understood that Mr. Green's revocation sentence related back to his 2006 covered offense. So it doesn't show that it considered that his guidelines changed for his initial offense, which he over served by 50 months, that there were all of these changes that had he been sentenced under the Fair Step Act would have affected his sentence. And, and instead what the district court did was it only looked at when exercising its discretion, the conduct on unsupervised releases is post release conduct which sort of cements that maybe the district court didn't understand all of the relevant considerations in exercising its discretion and so without understanding what that discretion is, it can't really understand what what what it can do is in his counsel motion. Didn't Mr. Green tell the district court what the extent of that authority was. Yeah, Mr. Green did but it's not clear in the district court's order that it considered those factors instead it sort of made this assumption without showing any indication that it understood what that assumption meant right, it could easily be making that sentence. And even though he already over served by 50 months and had a longer term of supervised release I'm not going to because of all of these factors and I think you also doesn't doesn't that in a way show that the district judge understood the extent of his authority in other words, knowing what the consequences could be if he granted the motion. He decided that he would exercise his discretion and deny the motion because of the conduct that Mr. Green engaged of engaged in while on supervised release. Why isn't that a reasonable way to read the record. Well, I think, even under that that way of reading the record it's ambiguous at best as to as to what the district court considered and under United States versus Jones, another first step back case by this court. The court found that when it was the ambiguous whether or not the district court understood its authority in reducing the dependence that and remand is warranted. So I'd say that here that because the district court didn't mention the over service didn't mention the guidelines changes didn't mention anything other than the post release conduct. It's at best the ambiguous as to whether the district court understood its authority. I think that you also see that what the district court did here is is not sufficient when you look at not only the Seventh Circuit decision but also the Sixth Circuit decision in the United States versus Lloyd's, which is another revocation sentence for step back. And there the district court also assumed that the defendants motion. Assume that the defendant was eligible for a reduction in sentence. And, and the Sixth Circuit affirmed but in doing so, noted that the defendants violation conduct was only one factor of the district courts analysis and not an independent and dispositive reason for denying a reduction. And I also recognize that you. This is Josh Newsome Can I ask you two questions about, I guess your reliance on the language of the statute complete review of the motion on the merits and and by indirection the Seventh Circuit's sort of embrace of that language. I guess I have two questions and I'll just put them out there and then let you respond to them as you as you see fit. So one. I mean that language doesn't, at least the way I read it, it doesn't explain how motions, sort of have to be reviewed in the first instance it just describes the consequences on a second motion in the event that the first motion wasn't subject to complete review on the merits so it doesn't really explain to you as an initial matter, or, you know, sort of require complete review of the motion on the merits, and then separately, what, why is there any inconsistency between even if you assume that it does require a complete review of the motion on the merits. Why does that translate to complete explanation in the order of the court that you know sort of a jump through both steps one and two. I'm sure I think that the the 404 C in stating that it contemplates a complete review of the motion on the merits does more than sort of limit the defendants remedies available in the future because had Congress wanted a section of the statute called second or successive habeas it's like a second first step back motion that's the section of the statute that it's in right. Yeah, but I think how Congress only wanted to limit the defendant to filing one motion no matter what review that got you know a summary denial of summary grant whatever it may be, Congress could have said defendant can file only one motion, you know that that's not what happened here, Congress said that there should be a complete review of the motion on the merits before before a defendant is foreclosed from further has expired. If you don't mind if I finish here. Oh, go right ahead, please. Sure. And so I think that that's what's contemplated by Congress, which is why it included the language. I'm sorry I'm forgetting the second part of your question. No, it's totally fine. So the second part was just even if we assume, as you've argued that the language and see does require a complete review of the motion on the merits. In the first instance, how is there any inconsistency between that and what the district court did here, I mean he said he reviewed the motion. All you're saying is that he didn't write down an order that says, here's my answer on question one, and here's my answer on question two, why is his order inconsistent with a complete review of emotional parents to motion. Yeah, his order is inconsistent because it doesn't address the the law to show that it understands what it can do here. And and that's what leads to to the problem here is is this court can't really performance appellate function if it doesn't know what the district court did. Okay, thanks. I appreciate your question. Thank you. All right, thank you very much. Miss Taylor. Please the court Michelle Taylor for the United States. Judge Jordan as you pointed out, courts affirm alternative rulings like this all the time. They promote conservation of judicial resources, they're often an appropriate exercise of judicial restraint, when the eligibility question might be difficult or laborious, and the discretionary call might in fact be really easy. So there was nothing wrong with the district court exercising its discretion here to say even assuming eligibility discretionary reduction was warranted. We know even an original sentencing this court has approved the district court explaining that when there's a disputed guidelines calculation to tell the Court of Appeals that it wouldn't have made a difference and in that case, that avoids unnecessary do overs and remands. And that's what the district court did here, it explained that even if the defendant did have a covered offense, it would not exercise its discretion to reduce it. And it didn't just skip over eligibility it actually assumed it in the defendant's favor. And we know that the court was correctly informed about the appropriate penalties in the statutory framework, because the defendant set it out in his motion at deck 123 at 11 and 12 with helpful charts. And then the United States didn't disagree that the penalties for his underlying offense have changed that's at our response that 128 at seven, the disagreement was is a revocation sentence of covered offense at all. And so there wasn't a dispute about what the range would apply assuming eligibility, and the court also correctly in its order set out all the things that it considered it noted that originally he had pleaded guilty to a class, a felony and it recognized the statutory changes of the Fair Sentencing Act, and then it explained the split of authority. And then it said that, given this what have authority, it was going to assume eligibility and explained why and its discretion, given the very serious conduct by which the defendant violated the terms of the supervisory lease, it was not going to reduce the sentence. It had to play let me play devil's advocate with myself. So, to what extent to what extent do we take into account the fact that the government and the probation office, both argued, at least at the district court level that Mr. Green was ineligible for a reduction. In other words, they're pushing hard saying not eligible not eligible not eligible. To what extent does can that impact does that impact the courts assumption of eligibility at the first step of the analysis. Well, we obviously got it wrong and so to probation but the court got it right it assumed eligibility, and said, even assuming eligibility, I'm not going to grant discretionary relief. The United States, sort of incorrectly informing the court might matter more in a case where it results in the district courts exercise of discretion being informed by an incorrect statutory range. An example of that, for instance, would be the Samuel case that the defendant cited in the 28 J letter. And that case, the court issued an alternative ruling like the one here, but it was mistaken about the statutory ranges that applied, it thought that a But I don't need to resolve it because I know given the nature of this supervisor lease violation which was a brutal beating of a pregnant woman in the presence of a minor child. It did not want to reduce that sentence and it was free to do that. So can I ask you a quick question. This is this is Judge Newsome so what would the, would your argument be the same if the court here instead of just skipping step one had said, I've heard the government's argument I've heard probation's argument for the following 10 reasons I really don't think this guy's eligible, but even assuming he is eligible, then I would deny him relief is just the same argument follow. Yes, Your Honor, I think that would obviously be a more difficult case because you might have more, it might be in that case, more ambiguous, whether the court correctly understood its authority. But I think if you look at the six cases we cited in our 28 J letter on March 3, four of those cases involve situations where, where two of them were ones where the court actually was wrong on eligibility because of intervening authority. And even though the court made actually a mistake of law there the mistake of law basically doesn't matter, given the alternative holding that even assuming that that he was eligible, there would be no discretionary. So even if the court had made a mistake. I think affirmance would still be warranted on that discretionary prong. And in fact this court. At least two decisions cited in that 28 J letter, this court affirmed a discretionary ruling without even deciding the eligibility issue. And you know again that was the pre Jones sort of scenario where the court hadn't decided how to interpret the covered offense, but when the district court also issued a discretionary ruling, this court affirmed on the discussion discretionary ruling alone, and the court could do so here too. It could say that this discretionary ruling wasn't an abuse of discretion. So we don't even need to decide whether a defendant serving a supervised release offenses eligible for relief, it doesn't even matter in this case, given the correct discretionary ruling. And I also would like to clarify, several times, you see in the defendant's brief and just mentioned now an argument, this notion of over serve time, or a sentence that is in excess of the statutory penalties, and I just want to clarify that, because the First Step Act only permits a discretionary reduction, as if the Fair Sentencing Act penalties have been in effect, there's never a question of over served time. The defendant's original sentence was lawful. And there was, there was nothing that has, he's still subject to the same penalties that he was subject to them. The court just has discretion to consider the Fair Sentencing Act penalties and deciding whether to issue a discretionary reduction. So, over certain time as a misnomer as is this idea that he's now subject to these lower penalties. He remains subject to the penalties that apply, there's just discretion to grant relief, and here, the court correctly decided that that that discretion was not warranted. Going back to judges and what you mentioned about that language about the successive motions bar. There's nothing about that language that that makes this First Step Act proceeding somehow different from original sentencings or 3582s or qualified immunity analysis, all the situations where the court will uphold an alternative ruling. There's nothing that makes the First Step Act, somehow different from that where in this case we must have an eligibility ruling first. That language, the 404C language, simply bars successive motions, it doesn't require any procedure additional procedure to decide eligibility first. Can I ask you a quick question. So, um, I guess I view the Seventh Circuit's decision in corner is like a pretty big deal. You know it's a it's a it's a well thought out opinion. And so far as I can tell, unless I've missed it you really haven't ever responded to it in any of your 28J responses, and I'm just curious like, do you have anything other than the Seventh Circuit got it wrong. Well, I think if you look at corner corner itself, recognize the possibility that in some cases, these sorts of errors would be harmless, but corner said that in that case, that was just a bare bones decision with insufficient explanation. So I think in our case you know we have actually I think a really good order by the district court, where the district court, you know, thoroughly explained its authority. I do think the corner was wrong and taking that 404C language out of context but I think even corner by recognizing that these sorts of errors could have been harmless. What was, you know, recognizing situations like this where, where the court basically explains all of its authority there's no mistake there's no ambiguity, and the court has resolved the issue on the discretionary prong. I do think honestly that the corner appellate decision was sort of unfair to the district court decision I don't think the district court decision in corner, really thought that the Fair Sentencing Act penalties were irrelevant, but to the extent that that was true in corner it's definitely not true here, the district court understood its authority, it explained what the First Step Act had done to the defendant statutory penalties. The United States had agreed, you know, that 128 at seven, we had acknowledged that this changed the penalties on his underlying offense, and all those consequences then flow from that. So there was no dispute about what range would apply, if the defendant had been eligible. The only question was, do, is the First Step Act proceeding. Or sorry is a replication sentence a covered offense. We said no, we're right it's not a covered offense the covered offense is the underlying offense, what we were wrong about is not realizing that it was part of that penalty for the underlying offense. So, the covered offense here is, is his original violation he is still serving part of his sentence for that original violation so there's authority to reduce. But here where the court said in its discretion it wouldn't exercise it, there's no need for a remand there's no legal error at all. And in fact this court should approve of this sort of analysis to promote traditional economy and save resources and avoid unnecessary do overs. So unless the court has any further questions, we'd ask the court to remand, or sorry, we'd ask the court to affirm the order of the district court. All right, Mr. Thank you very much. Miss Dane, you've got your rebuttal time left. Thank you and I'd like to address the issue of the government's argument below was essentially that because Mr. Green was serving a sentence that was imposed for supervised release violations. The, the argument was that that's sort of separate from the covered offense, as opposed to something that relates back to his 2006 offense which was a covered offense. And it's not clear in the district court's order that in assuming it had authority to reduce this supervised release term of imprisonment. It understood that to take into account what Mr. Green said it took into account which is dating back to 2006 versus whether it could only look at, you know, the difference of 30 to 36 months guidelines range on on revocation versus the, I think it was 46 to 57 which is is what applied. When his supervised release was revoked so I think the the ambiguity there is goes to what this court said in Jones as to when it's not clear what the district court understood it could do remand is warranted. I'd also like to address the government supplemental authority. When you look at those cases that the majority of them if not all of them relate to incorrect eligibility determinations based off of drug quantities, which which as we know in Jones that's not the appropriate consideration. But it for eligibility but it is relevant in the discretionary stage. So even though the district court made the legal error, it was still relevant to the discretionary decision, whereas that's not what occurred here, the legal error is that the if you look at the decision in Royster which is cited by the government, it goes into everything that the district court did do it did consider the changes to the defendants guidelines and and noted that the defendant sentence remained within that range. So I think that's fundamentally different from what occurred here when it's not clear that the district court considered everything that it should. And for those reasons, Mr. Green would ask that this court vacate the decision below and and remand for consideration of whether he should receive relief under Section 404 of the First Step Act. Thank you. All right, thank you both very much. We really appreciate it. All right.